Per Curiam.
In Bacon’s Abridgment title Limitation of Actions (a) where the exceptions to the statute are mentioned, it is stated that accounts current between merchants are within the exceptions. In Carthew 226. 1 Shower 344. 2 Mod. 312. 4 Mod. 105, the same doctrine is expressed. What then is a current account? clearly every one in which there has not been a balance agreed upon and struck between the parties. In the case before the court no fact appears in 'the bill of exceptions to prove this a Stated account, hence the statute cannot operate to bar the plaintiffs demand, (b)
Whatever Lord Hardwicke may have meant by the language he is reported to have held in the case of Welford v. Liddel, (c) that it was not meant to prevent the defendant •from pleading the statute, where the account is closed and concluded between the parties, but to prevent the dividing the accounts between merchants, where it was a running ac *197 count, when perhaps part might have begun long before, and '¿.he account never settled, and perhaps there might have been dealings and transactions since the statute; — the same doctrines are not corroborated so far as my knowledge extends by any other authority. In that case the opinion was not upon the point in controversy, but it is to be regarded in the light of an extrajudicial dictum.
Let the Judgment be reversed.

 4 Bac. 478.

 Note—See Ramchander v. Hammond 2 Johns. 200.

 2 Vesey. 400127.